IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDRA L. ISAKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 10 C 6141 |
| v. ) | |
| ) | |
| KOHL'S DEPARTMENT STORES, INC., ) | |
| a corporation; and JENNA BROWN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

**BACKGROUND**

On September 25, 2009, Plaintiff Sandra Isakson ("Plaintiff") filed a negligence lawsuit in the Circuit Court of Cook County against Defendants Kohl's Department Stores, Inc. ("Kohl's") and Jenna Brown ("Ms. Brown"), a Kohl's employee. Kohl's was served with a copy of the complaint on October 7, 2009, and Ms. Brown was served on October 21, 2009. On September 24, 2010, Kohl's removed the case to federal court based on diversity jurisdiction, alleging that Plaintiff had fraudulently joined Ms. Brown. To support its jurisdictional argument, Kohl's alleges that Plaintiff is a resident of the State of Illinois, *see* R. 7, Amended Not. of Removal at ¶ 10, and that Kohl's is a Delaware corporation with its principal place of business in Wisconsin, *id.* at ¶ 9. Kohl's alleges that Ms. Brown, who it contends has been fraudulently joined for the purpose of defeating federal court jurisdiction, is an Illinois resident. (*Id.* at ¶ 6.) Kohl's further alleges that the amount in controversy exceeds $75,000. (*Id.* at ¶ 8.)

"It is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of

the action." *Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998). Although Plaintiff has not challenged the amended notice of removal's failure to satisfactorily plead the requirements under 28 U.S.C. § 1332(a), Kohl's – despite having been previously instructed on this specific defect, *see* R. 3 – still has not established that this Court has subject matter jurisdiction over the case. "[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction." *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). *See also Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996) ("'[c]itizenship' for purposes of § 1332 means domicile rather than residence" and "it takes physical presence in a state, with intent to remain there, to establish domicile."). Kohl's only alleges Plaintiff's residence. Accordingly, the Court remands this case in part based on Kohl's' failure to allege subject matter jurisdiction.

Plaintiff has moved to remand this matter to the Circuit Court of Cook County on additional grounds pursuant to 28 U.S.C. § 1447(c). For the reasons below, the Court grants Plaintiff's motion and remands the case to the Circuit Court of Cook County on these additional grounds.

## ANALYSIS

**I.    Legal Standard**

A defendant may remove a case filed in state court if the federal court would have had original jurisdiction to hear the case when the plaintiff originally filed it. 28 U.S.C. § 1441(a); *see also Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of

forum in state court." *Schur*, 577 F.3d at 758 (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

## II.     Timeliness of Notice

A defendant must file a notice of removal within thirty days of its receipt "of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" 28 U.S.C. § 1446(b). The thirty day limitation achieves two purposes:

> [T]o deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court.

*Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982). Since Kohl's filed its notice of removal more than eleven months after it received Plaintiff's initial complaint, its notice of removal was not timely filed within the required thirty day window.

Kohl's argues that the Court should instead apply the exception to the thirty day rule, found in the second paragraph of 28 U.S.C. § 1446(b). That exception states that if the case is not initially removable, the defendant may file a notice of removal within thirty days "from [the day on] which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of [diversity of citizenship] more than 1 year after commencement of the action." 28 U.S.C. § 1446(b). Kohl's contends that this case is not "one which is or has become removable" because Ms. Brown, a non-diverse defendant, is still a party to the state court proceeding. Because of this, Kohl's argues that its removal notice is

3

timely.[1]

As an initial matter, the Seventh Circuit has interpreted the § 1446(b) exception narrowly. In *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71-2 (7th Cir. 1992), the Seventh Circuit held that for a party to utilize the exception to the thirty day rule and remove a case on the basis of diversity of citizenship beyond the thirty day window, the plaintiff must *voluntarily* dismiss the non-diverse defendant. This approach is in-line with the statute's commentary:

> The mission of the second paragraph is to recognize that the action as originally brought may not be removable, but that it may become so through some event occurring afterwards. One example of this is in a potential diversity of citizenship case in which one of the originally joined defendants, S (for spoiler), has the same citizenship as one of the plaintiffs, precluding removal, but is dropped as a party at a later point through the voluntary act of the plaintiff or a mutual settlement between the plaintiff and S, making the case ripe for removal. The second paragraph of subdivision (b) permits the removal to be made now. It starts a new 30-day period from the time the remaining defendant receives the paper manifesting that S has been dropped.
>
> That was of course the case before the amendment, and it remains so after it. What the amendment does, however, is put a one-year outer limit on the removal – measured from the action's commencement – if the purported removal basis is the diversity of citizenship of the parties.

David D. Siegel, *Commentary on 1988 Revision of Section 1446, reprinted at 28 U.S.C. 1446* (1994). In this case, Plaintiff is not seeking to voluntarily dismiss Ms. Brown. If Ms. Brown is dismissed as a defendant, it will be by order of the Circuit Court of Cook County, which is not

---

[1] Kohl's' removal argument is based on fraudulent joinder – that is, Kohl's alleges that Plaintiff fraudulently sued Ms. Brown, a non-diverse defendant, to defeat diversity jurisdiction and keep the case out of federal court. Kohl's argues that Plaintiff's complaint does not plead a cognizable claim against Ms. Brown, and thus, her joinder was fraudulent. Ms. Brown filed a motion to dismiss on that basis in the Circuit Court of Cook County on August 3, 2010. (R. 14-4, Def. Brown's Mot. to Dismiss.) Although the Circuit Court of Cook County had not ruled on Ms. Brown's motion, Kohl's removed the case to federal court on September 24, 2010 so that it would not miss the one-year removal "deadline" imposed under 28 U.S.C. § 1446(b). (R. 14, Def.'s Resp. to Mot. to Remand at 11-12.)

the *voluntary* dismissal that the Seventh Circuit requires. *See Poulos*, 959 F.2d at 71-2.

Even if the Seventh Circuit had not established a "voluntariness" requirement, Kohl's argument would still fail. The basis for its fraudulent joinder argument is that Plaintiff filed a non-viable claim against Ms. Brown. Kohl's argues that Ms. Brown simply cannot be held liable for the cause of action cited in Plaintiff's complaint. Kohl's could have raised this argument as soon as it received Plaintiff's complaint in October 2009, for it requires no more than a single reading of Plaintiff's two-page complaint to discern what is being claimed, and against whom. Furthermore, because Kohl's engaged in pre-suit discovery that Plaintiff conducted for the explicit purpose of "fully invesigat[ing] whether a cause of action exists and in order to identify potentially liable parties," *see* R. 14-2, Verified Petition for Pre-Suit Discovery at ¶ 4, Kohl's had notice of Plaintiff's potential claims, and the potential parties, dating back to April 2009. In fact, Kohl's produced Ms. Brown's name to Plaintiff in the course of that pre-suit discovery. *See* R. 14-3, Def. Kohl's Resps. to Pl.'s Pet. for Pre-Suit Discovery at 3, 5. Nevertheless, Kohl's waited nearly one year, until September 25, 2010, to file a notice of removal. Kohl's offers no justifiable explanation for the delay.

The Seventh Circuit has held that the thirty day filing requirement applies to all removals – including those in which fraudulent joinder is claimed. *See Poulos*, 959 F.2d at 73 n. 4 (holding that failure to remove within thirty days after receiving a state court complaint from which the removing defendant could have discerned fraudulent joinder of a non-diverse party rendered removal untimely). Numerous other courts, in this Circuit and elsewhere, have similarly ruled. *See Yount v. Shashek*, 472 F. Supp. 2d 1055, 1063-64 (S.D. Ill. 2006) (holding that a notice of removal filed within thirty days of receipt of a state court order that dismissed a

5

non-diverse defendant was untimely because it was not filed with thirty days of service of the complaint) (citing *Deming v. Nationwide Mut. Ins. Co.*, No. Civ.A. 03 C 1225 (CFD), 2004 WL 332741, at *5 (D.Conn. Feb. 14, 2004) (holding that removal was untimely where the removing defendant could have ascertained from the face of a complaint that certain non-diverse co-defendants were fraudulently joined, but did not seek removal based on fraudulent joinder until after the state court granted a motion to strike the plaintiff's allegations against the diversity-defeating co-defendants); *Simpson v. Union Pac. R.R. Co.*, 282 F. Supp. 2d 1151, 1157-58 (N.D. Cal. 2003) (defendant railroad was required to file a notice of removal within thirty days of receiving the complaint in a wrongful death action where a student was hit by a train while riding his bicycle to school – rather than within thirty days of dismissal of a co-defendant school district from the action, even though the school district had refused to consent to removal – where removability of the action based on fraudulent joinder of the school district was ascertainable, if at all, upon service of the complaint); *Clingan v. Celtic Life Ins. Co.*, 244 F. Supp. 2d 1298, 1308 (M.D. Ala. 2003) (remanding on grounds of untimely removal, after concluding that the removing defendant could have ascertained within thirty days of receipt of the complaint that it had valid arguments for fraudulent joinder with respect to all claims asserted against a non-diverse co-defendant, and need not have awaited deposition transcripts before seeking removal based on fraudulent joinder); *Naef v. Masonite Corp.*, 923 F. Supp. 1504, 1513 (S.D. Ala. 1996) (holding that a notice of removal based on fraudulent joinder was "procedurally defective because it was filed more than thirty days after Defendants could have intelligently ascertained that the action was removable."); *Guerrero v. General Motors Corp.*, 892 F. Supp. 165, 169-70 (S.D. Tex. 1995) (remanding a case where the removing defendants

had all of the information needed to remove the case based on fraudulent joinder on the date they were served with the plaintiff's complaint, but filed the notice of removal more than thirty days later). Kohl's does not provide any argument to rebut this case law.

Kohl's' attempt to seek refuge under the exception to the thirty day requirement in 28 U.S.C. § 1446(b) fails. Because the Court finds the notice of removal untimely, it does not address Plaintiff's remaining arguments.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion and remands this case to the Circuit Court of Cook County.

**Date:** November 23, 2010

                              **ENTERED**

                              _____
                              **AMY J. ST. EVE**
                              **United States District Court Judge**